**IN THE UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| v. | * | **Civil Action No. JFM-14-02458** |
| | * | |
| **$6,940.00 in United States Currency,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER OF CLAIMANT PURSUANT TO ADMIRALTY RULE C (6) AND FEDERAL RULE OF CIVIL PROCEDURE 8 INCLUDING DEFENSES PURSUANT TO RULE 12(b)

Pursuant to Admiralty Rule C (6) and Federal Rule of Civil Procedure 8, the Claimant, Jeffrey Joel Harshman (hereinafter sometimes referred to as "Defendant" for the purposes of this pleading), by and through his attorneys, Keith Horton, and Keatts and Horton, LLC, and files the following Answer to the Verified Complaint for Forfeiture, and states as follows:

### DEFENSES

The complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.  In addition, Defendant further affirmatively pleads the following defenses:

1) Pursuant to 18 USC Section 983(c), there is no substantial connection between the property and the offense.

2) Pursuant to 18 USC Section 983(g), the forfeiture is grossly disproportional to the gravity of the offense giving rise to the forfeiture.

3) The following defense as may be applicable in this action: accord and satisfaction, failure to mitigate damages, arbitration and award, assumption of risk, contributory negligence, discharge, duress, waiver, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment release, res judicata, statute of frauds, statute of limitations, and any other matter constituting avoidance or affirmative defenses.

4) Furthermore, Defendant intends to rely upon such other and further defenses as may become available to it or apparent during the discovery process, and reserves the right to amend its answer to assert any such defenses.

5) Any allegation that is not specifically admitted is hereby denied.

## ANSWER

1. Paragraph 1 states a conclusion of law to which no answer is necessary.

2. Paragraph 2 states a conclusion of law to which no answer is necessary.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits all allegations in Paragraph 4 as to jurisdiction.

5. Paragraph 5 contains a statement of jurisdiction and the request of the Plaintiff to which no answer is necessary.

6. Defendant admits all allegations in Paragraph 6 as to venue.

7. Defendant denies all allegations in Paragraphs 7 and 8.

WHEREFORE, the Defendant Jeffrey Joel Harshman, respectfully requests this Court to dismiss the Complaint with prejudice, deny the relief requested and enter final judgment in favor of the Defendant, plus compensation for the wrongful detention of the property at issue, reasonable attorney fees and the costs of this action, and all other relief as this Court deems just.

Respectfully submitted,

/s/
Keith A. Horton
Keatts and Horton, LLC
7 Central Avenue
Suite 203
Glen Burnie, Maryland 21061
Attorney for Claimant/Defendant
Jeffrey Joel Harshman

### *Certification of Service*

I certify that I served and or caused to be served a copy of the foregoing document on AUSA Stefan Cassella, 36 South Charles Street, 4th Floor, Baltimore, Maryland 21201 via E.C.F. on September 29, 2014.

/s/
_____
Keith A. Horton
Attorney for Claimant/Defendant Jeffrey Joel Harshman